IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| **U.S. Equal Employment** ) | |
| **Opportunity Commission,** ) | **Civil Action No.** |
|    10 S. Howard Street, 3rd Floor ) | |
|    Baltimore, MD 21201, ) | |
| ) | |
|          **Plaintiff,** ) | **COMPLAINT** |
| ) | |
|          **v.** ) | |
| ) | **JURY TRIAL DEMAND** |
| **Optimal Solutions & Technologies (OST, Inc.),** ) | |
|    8400 Corporate Drive ) | |
|    Hyattsville, Maryland 20795, ) | |
| ) | |
|          **Defendant.** ) | |

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended through the ADA Amendments Act of 2008 ("ADA"), and Title I of the Civil Rights Act of 1991, Optimto correct unlawful employment practices on the basis of disability and to provide appropriate relief to Michael Tyson ("Tyson"), who was adversely affected by such practices. As alleged with greater particularity below, the United States Equal Employment Opportunity Commission (the "EEOC" or the "Commission") alleges that Defendant Optimal Solutions & Technologies (OST, Inc.) ("Defendant" or "OST") unlawfully discriminated against Tyson by discharging him because of his actual and perceived disability (brain tumor), in violation of the ADA.

JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42

U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e-5(f)(1) & (3); and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland, Greenbelt Division.

## PARTIES

3.  Plaintiff, the United States Equal Employment Opportunity Commission, is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) & (3).

4.  At all relevant times, Defendant has continuously been a corporation doing business in the State of Maryland with at least fifteen (15) employees.

5.  At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporate by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.  At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7.  More than thirty days prior to the institution of this lawsuit, Tyson filed a charge with the Commission alleging violations of Title I of the ADA by Defendant OST.

2

8. On or around July 11, 2017, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. On or around August 16, 2017, the Commission issued to Defendant a Notice of Failure of Conciliation.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

13. At all relevant times, Tyson was an individual with an actual disability and a perceived disability as defined by the statute.

14. Tyson has a benign brain tumor (Meningioma), which substantially limits the major bodily function of normal cell growth.

15. At all relevant times, Tyson was qualified to perform the essential functions of the job.

16. On or around June 13, 2016, Defendant hired Tyson as a Senior SharePoint Administrator.

17. In August 2016, Tyson informed his supervisor, Michael Adibpour, that he had a benign brain tumor (Meningioma), which would require approximately six weeks of radiation

treatment, beginning in or around the first week of October 2016.

18. Tyson did not request an accommodation and explained that the treatments would be scheduled after his workday had ended and would not impact his ability to perform his job.

19. Shortly thereafter, Adibpour expressed his concerns to Tyson's colleagues that Tyson would not be able to perform his job because of his medical condition. He repeated these concerns on a few different occasions.

20. Throughout his tenure, Tyson performed his job well and enjoyed positive feedback about his performance from his managers.

21. On or around September 27, 2016, approximately one week before Tyson was scheduled to begin his radiation treatment, and about one month after Tyson disclosed his tumor, Defendant discharged Tyson.

22. Defendant engaged in unlawful employment practices in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a) beginning in or around August 2016 when it discharged him because of his actual and perceived disability.

23. The effect of the practices complained of above has been to deprive Tyson, who was at all times qualified, of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability.

24. The effect of the practices complained of above has been to deprive Tyson, who was at all times qualified, of equal employment opportunities and otherwise adversely affect his rights under the ADA resulting in expenses incurred due to lost wages, emotional pain, suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and loss of enjoyment of life.

25. The unlawful employment practices complained of above were intentional.

26. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Tyson.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice that discriminates on the basis of disability;

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for qualified individuals with disabilities and eradicate the effects of its past and present unlawful employment practices, and prevent disability discrimination from occurring in the future;

C. Order Defendant to make whole Tyson by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to frontpay and reinstatement;

D. Order Defendant to make whole Tyson by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial;

E. Order Defendant to make whole Tyson by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life,

embarrassment, frustration, and humiliation, in amounts to be determined at trial;

F. Order Defendant to pay Tyson punitive damages for its malicious and reckless conduct, in an amount to be determined at trial;

G. Order Defendant to sign and conspicuously post, for a designated period of time, a notice to all employees that sets forth the remedial action required by the Court and inform all employees that it will not discriminate against any employee because of a disability, including that it will comply with all aspects of the ADA;

H. Grant such further relief as the Court deems necessary and proper in the public interest; and

I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by the Complaint.

Respectfully submitted,

JAMES L. LEE
Acting General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

_____
DEBRA M. LAWRENCE
Regional Attorney

_____
MARIA SALACUSE
Supervisory Trial Attorney

_____
AMBER TRZINSKI FOX
Trial Attorney

                              U.S. Equal Employment Opportunity Commission
                              10 S. Howard Street, Third Floor
                              Baltimore, Maryland 21201
                              Phone: (410) 209-2763
                              amber.fox@eeoc.gov